**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.            No. 14-CR-3762-WJ

**PATRICK DURAN**,

    Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO SCOPE OF *DAUBERT* MOTION AND GRANTING DEFENDANT'S REQUEST TO PRESENT REBUTTAL TESTIMONY**

THIS MATTER comes before the Court following the April 30, 2019 telephonic scheduling conference (Doc. 163) on the *United States' Opposed Motion* in Limine *for Daubert Ruling Regarding the Admissibility and Scope of Defendant's Proposed Expert Testimony* (**Doc. 92**, filed 11/15/17). At the telephonic scheduling conference on April 30, 2019, the parties disagreed about whether Dr. Scheller should be allowed to provide rebuttal testimony and about the scope of the Government's *Daubert* motion. Having reviewed the arguments and considered the applicable law, the Court **OVERRULES** Defendant's objection to the scope of the *Daubert* motion and **GRANTS** Defendant's request to present rebuttal testimony by Dr. Scheller.

**DISCUSSION**

Dr. Joseph Scheller, the subject of the Government's *Daubert* motion, testified on direct examination at the November 19, 2018 portion of the hearing on the *Daubert* motion. Doc. 125, Clerk's Minutes from 11/19/18 hearing; Doc. 127, Tr. Vol. I, *Daubert* hearing. Dr. Scheller was cross-examined by the Government and then re-directed by defense counsel. Prior to Dr. Scheller's testimony, the parties argued about the scope of the *Daubert* motion after Defendant raised the

issue, but the Court did not rule on the scope objection before the direct examination of Dr. Scheller. *Id.* The second part of the *Daubert* hearing was held on March 1, 2019, at which the Government put on Dr. Leslie Strickler. Doc. 147, Clerk's Minutes from 3/1/19 hearing; Doc. 157, Tr. Vol. II. Dr. Scheller was not available to attend on March 1, 2019. In light of Dr. Scheller's absence, the Court ruled that it would allow the defense to consult with Dr. Scheller upon receiving the transcript from the March 1 hearing, so that the defense could determine if it wanted to present rebuttal testimony from Dr. Scheller. Tr. Vol. II at 131:2–134:23. The Court advised that it would hold a telephonic status conference once the defense reviewed the transcript and consulted with Dr. Scheller. The Court held the telephonic conference on April 30, 2019, during which the parties made arguments about whether rebuttal should be allowed. Doc. 163, Clerk's Minutes.

The parties' arguments regarding whether Dr. Scheller may provide rebuttal testimony involve the scope of the Government's *Daubert* objection. The Government's *Daubert* motion identifies two opinions from Dr. Scheller's report that the Government expressly takes issue with: (1) that "victims of child abuse are often found to have unexplained bruises, rib and limb fractures, scalp injuries, brain injuries, and neck injuries;" and (2) that most subdural hygromas "are not related to accidental or abusive trauma." Doc. 92, ¶ 5; Doc. 92-1, Scheller Report at 2. The defense contends that the scope of the *Daubert* motion should be limited to these two specific opinions identified in the Government's motion. The defense asserts that its direct examination of Dr. Scheller covered the two identified opinions, but that if the scope of the *Daubert* motion extends to the entire report, then the defense needs to recall Dr. Scheller to expand his testimony. The Government maintains that it identified two opinions it took issue with to support its broader motion that Dr. Scheller not be allowed to testify at all because none of his opinions satisfy the *Daubert* standard.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the Supreme Court of the United States explained that Federal Rule of Evidence 702 assigns to the district court a gatekeeping role to ensure that scientific testimony is both reliable and relevant. The gatekeeping function involves a two-step analysis. First, the Court must determine whether the expert is qualified by "knowledge, skill, experience, training or education" to render an opinion. *See* Fed. R. Evid. 702. Second, the Court must determine whether the expert's opinions are "reliable" under the principles set forth under *Daubert* and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The Tenth Circuit noted as recently as 2016 that "[a]lthough many factors may bear on whether expert testimony is based on sound methods and principles, the *Daubert* Court offered five non-exclusive considerations: whether the theory or technique has (1) been or can be tested, (2) been peer-reviewed, (3) a known or potential error rate, (4) standards controlling the technique's operation, and (5) been generally accepted by the scientific community." *Etherton v. Owners Insurance Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016) (citing *Daubert*, 509 U.S. at 592–93). The Tenth Circuit has reiterated that "a district judge asked to admit scientific evidence must determine whether the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist." *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1227 (10th Cir. 2003). The Supreme Court in *Daubert* stated that "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." 509 U.S. at 595.

While the Court is not ruling on the merits of the *Daubert* motion (Doc. 92) at this time, the *Daubert* standards allow the Court to find that the Government placed the contents of the entire Scheller report at issue in its *Daubert* motion. The Government's motion states that it

> moves this Court to exclude the proposed expert testimony of Scheller disclosed to this Court pursuant to Rules 702, 703 and 705. The United States requests that as a matter of law this Court preclude Scheller from testifying in this matter at any pre-trial motion hearings or at trial because he lacks the qualifications to testify

regarding the subject matter and because his opinions are not rooted in science and have not and cannot be tested.

Doc. 92 at 1. The motion goes on to state, "Scheller's report asserts at least three theories that do not meet the standards set forth in Daubert including (1) that "victims of child abuse are often found to have unexplained bruises, rib and limb fractures, scalp injuries, brain injuries, and neck injuries;" and (2) that most subdural hygromas "are not related to accidental or abusive trauma." Doc. 92, ¶ 5 (citing Scheller Report at 2). The Government also asserted this argument prior to the direct examination of Dr. Scheller at the November 19, 2018 portion of this hearing. The Government requests that the Court determine "whether the proposed expert's testimony is admissible in whole, or in part." Doc. 92, ¶ 8. The content and remedy requested in the motion therefore extend to the exclusion of Dr. Scheller from testifying about any of his opinions at all. *Daubert* not only <u>allows</u> this Court to rule as to all of the opinions expressed in the Scheller report, but it <u>requires</u> this Court to do so if there is a non-frivolous *Daubert* issue raised as to all of those opinions. The Government raised such a question as to all the opinions in the report and has placed the exclusion of all of Dr. Scheller's opinions in his report at issue. The Court must exercise its gatekeeper role under *Daubert* and there is no reason to limit the Court's discretion when the contents of the report are squarely before the Court.

Although it is evident from the motion that the contents of the entire report are at issue, the Court did not rule on the Defendant's scope objection prior to the examination of Dr. Scheller, and the Court therefore finds that it is appropriate to allow the defense to recall Dr. Scheller for rebuttal. Furthermore, the Government's witness at the March 1, 2019 hearing, Dr. Strickler, answered questions about the contents of the entire report outside of the two opinions identified by the Government. Dr. Scheller was not available to attend the hearing, and it will aid the Court to hear Dr. Scheller's testimony in response to Dr. Strickler's testimony.

Defense counsel asserted at the April 30, 2019 telephonic status conference that if the Court finds the scope of the *Daubert* objection to include all of Dr. Scheller's report, then Dr. Scheller's rebuttal testimony could take several days because the defense would have to lay the foundation for every single fact in the report. Contrary to defense's assertion, however, the Tenth Circuit has explained that, "[b]y its terms, the *Daubert* opinion applies only to the qualifications of an expert and the methodology or reasoning used to render an expert opinion. *Daubert* generally does not, however, regulate the underlying facts or data that an expert relies on when forming her opinion." *United States v. Lauder*, 409 F.3d 1254, 1264 (10th Cir. 2005) (quoting *Daubert*, 509 U.S. at 592–93). Therefore, there is no reason for either party to draw out Dr. Scheller's testimony as to every single fact upon which he relied—that would be outside the scope of *Daubert*, which focuses on "reasoning or methodology" of the expert's opinions. *See id.* Furthermore, in granting the defense's request for rebuttal testimony, the Court intends to be unmistakably clear that this is not a Biology 101 course and it will not aid the Court's gatekeeping role for defense counsel to address every single fact underlying Dr. Scheller's opinions if it is not relevant to the methodology or reasoning he employed.

Therefore, for these reasons, the Court **OVERRULES** Defendant's objection to the scope of the *Daubert* motion and **GRANTS** Defendant's request to present rebuttal testimony by Dr. Scheller. **The parties shall contact the Courtroom Deputy and provide a <u>list of MUTUALLY AGREEABLE available dates</u> for Dr. Scheller's testimony, and defense shall advise whether Dr. Scheller will testify in person or by telephone or video.** Having observed Dr. Scheller's direct testimony at a hearing at which Dr. Scheller testified in person, the Court has no issue with Dr. Scheller providing rebuttal testimony by telephone or video if that is how defense counsel decide how they wish to proceed.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE